**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION**

RUTH RUHL, in her capacity as                                                                                      PLAINTIFF
Administratrix and personal representative
of the Estate of Elizabeth Ann Sliffe, Deceased

v.                                                  No. 4:15CV00169 JLH

JOHN T. BOYD, individually and in his official
capacity as Deputy Sheriff for the Faulkner
County Sheriff's Department; UNIECE JACKSON,
individually and in her official capacity as Intake Officer
for Faulkner County Detention Center; KANISHA
DOUGLAS, individually and in her official capacity as
Detention Officer for Faulkner County Detention Center;
KARL BYRD, individually and in his official capacity
as Faulkner County Sheriff; MELINDA MARPLE,
individually and in her official capacity as Lieutenant for
Faulkner County Sheriff's Department; BRIANNE
PICKARD, individually and in her official capacity
as Lieutenant for Faulkner County Sheriff's Department;
ALICIA HARDY, individually and in her official capacity
as Lieutenant for Faulkner County Sheriff's Department;
and FAULKNER COUNTY, ARKANSAS                                                                DEFENDANTS

**OPINION AND ORDER**

Ruth Ruhl, in her capacity as Administratrix and personal representative of the Estate of Elizabeth Ann Sliffe, alleges that the defendants violated the United States Constitution, the Arkansas Constitution, and the Arkansas Civil Rights Act, and that they committed the torts of false imprisonment and outrage in connection with Sliffe's arrest on September 24, 2012, after Sliffe's son filed a petition to have her involuntarily committed due to mental illness. The defendants are Faulkner County and several of its employees from the Faulkner County Sheriff's Department and the Faulkner County Detention Center. Three motions are pending in connection with defendant John T. Boyd, the Faulkner County Deputy Sheriff. First, Ruhl has filed a motion for default judgment against Boyd in the amount of $75,001. Document #27. Second, Boyd has filed a motion

to set aside the affidavit of service of summons, which Ruhl filed on April 14, 2016. Document #26; Document #28. Third, Boyd has filed a motion for extension of time to file an answer. Document #34. For the following reasons, Ruhl's motion for default judgment is denied; Boyd's motion to set aside the affidavit of service of summons is denied as moot; and Boyd's motion for extension of time to file an answer is granted.

## I.

According to the complaint, Curtis Sliffe filed a petition to involuntarily admit his mother, Elizabeth Ann Sliffe, on September 21, 2012. Sliffe was 79 years old at the time. The Circuit Court of Faulkner County entered an order setting a probable cause hearing for September 24. The court ordered the Faulkner County Sheriff's Department to pick up Sliffe and transport her to the hearing. On September 24, Boyd went to Sliffe's home and told her she had to go with him to the hearing. Boyd did not have a warrant, did not provide Sliffe with a copy of the petition, and did not inform Sliffe of her rights. Boyd hand-cuffed Sliffe and placed her in the back of his patrol car. Then, Boyd took Sliffe to the Faulkner County Detention Center to be processed. Detention center employees fingerprinted and photographed Sliffe, forced her to strip naked and shower, and forced her to change into a striped jail uniform before they took her into the courtroom. Uniece Jackson, Kanisha Douglas, and Alicia Hardy handled Sliffe roughly, leaving bruises on her arm and shoulder and unseating her surgically-implanted defibrillator. Immediately after Sliffe entered the courtroom, she was informed that her case had been dismissed. Sliffe returned to the detention center where she was permitted to change back into her clothes and instructed to make arrangements for transportation home.

## II.

Federal Rule of Civil Procedure 12(a)(1)(A)(i) requires a defendant to serve an answer within 21 days after being served with the summons and complaint. Federal Rule of Civil Procedure 55(a) states that "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." A party must apply to the court for a default judgment if the claim is not for a sum certain or a sum that can be made certain by computation. FED. R. CIV. P. 55(b)(2). Ruhl has requested the Court to enter a default judgment against Boyd, who has not filed an answer, in the amount of $75,001. Document #27. Ruhl filed an affidavit on April 14, 2016 stating that Boyd was served with the summons and complaint by certified mail, return receipt, and restricted delivery on July 18, 2015. Document #26. Boyd argues that service should be set aside because Ruhl did not file the affidavit within a reasonable time after he was served. Document #28-1 at 2, ¶ 7. Federal Rule of Civil Procedure 4(l)(1) states that unless service is waived or the United States marshal or deputy marshal executed service, proof must be made by the server's affidavit. Rule 5(d)(1) states that any paper after the complaint that is required to be served must be filed within a reasonable time after service and Local Rule 5.4 states that a reasonable time is seven days.

The Court does not need to decide whether the server's affidavit is a paper that must be filed within a reasonable time after service because the timely answer filed by Faulkner County, Jackson, and Marple on June 5, 2015, inures to the benefit of Boyd under the common-defense doctrine.[1] *See*

---

[1] The parties focused their arguments primarily on good cause under Federal Rule of Civil Procedure 55(c) and excusable neglect under Rule 6(b)(1)(B), but Boyd did argue that the common-defense doctrine should prevent the entry of a default judgment against him. Document #33 at 2, ¶9. Good cause is a separate issue from the common-defense doctrine and is inapplicable here because the common-defense doctrine applies to preclude entry of a default judgment against Boyd.

*Glass v. Saline Cnty. Med. Ctr.*, 2012 Ark. App. 525, at 5-6, 423 S.W.3d 618, 622 (holding that it was no abuse of discretion to deny a motion for default because the common-defense doctrine applied). The common-defense doctrine directs that an answer that is timely filed by a co-defendant inures to the benefit of a defaulting co-defendant. *Sutter v. Payne*, 337 Ark. 330, 335, 989 S.W.2d 887, 889 (1999). The Arkansas Supreme Court has stated:

> The test for determining if an answer will inure to a co-defendant's benefit is whether the answer of the non-defaulting defendant states a defense that is common to both defendants, because then a "successful plea . . . operates as a discharge to all the defendants, but it is otherwise where the plea goes to the personal discharge of the party interposing it." *Southland Mobile Home Corp. v. Winders*, 262 Ark. 693, 561 S.W.2d 280 (1978); *see also Arnold Fireworks Display v. Schmidt*, 307 Ark. 316, 820 S.W. 444 (1991).

*Richardson v. Rodgers*, 334 Ark. 606, 612, 976 S.W.2d 941, 944-45 (1998). Here, inconsistent judgments would result if Faulkner County were to defend and prevail on the merits while Boyd suffered a default judgment. *See Angelo Iafrate Const., LLC v. Potashnick Const., Inc.*, 370 F.3d 715, 722 (8th Cir. 2004).

Ruhl's complaint alleges that Faulkner County and its employees treated Sliffe in an unlawful manner during her arrest and subsequent detention. Document #1. While the complaint does state allegations against Boyd separately–Ruhl alleges that Boyd's conduct involved the arrest–the answer filed by Faulkner County, Jackson, and Marple denies the allegations characterizing Boyd's arrest of Sliffe and denies that those allegations have any basis in fact. Document #6 at 2, 6, ¶¶4, 12-13, 15-17; *See Richardson*, 334 Ark. at 613, 976 S.W.2d at 945 (noting

---

*See Richardson*, 334 Ark. at 611, 976 S.W.2d at 944 (holding that Arkansas Rule of Civil Procedure 55(c) and its requirements do not control in cases where the common-defense doctrine is applicable). Because the common-defense doctrine applies, a timely answer inures to Boyd's benefit, so he is not in default. Therefore, excusable neglect under Rule 6(b)(1)(B) is not at issue. Rather, Boyd's motion should be construed as a motion for leave to file an amended answer under Rule 15.

that even though the complaint set out the allegations of negligence against the County employee in a separate paragraph from the allegation of negligence toward the County, the answer denied every paragraph of the complaint). Furthermore, viewing the complaint as a whole, Boyd's liability is not based on wrongful acts independent from the liability of the defendants who filed a timely answer. *See Angelo Iafrate Const.,* 370 F.3d at 722.

In addition, the answer includes a general denial of each and every allegation not specifically mentioned in the answer. Document #6 at 5, ¶20. "[A] general denial of 'each and every material allegation contained in the complaint' is the assertion of a common defense." *Sutter*, 337 Ark. at 335, 989 S.W.2d at 889 (quoting *Southland Mobile Home Corp.*, 262 Ark. at 694, 561 S.W.2d at 280). *See also Richardson*, 334 Ark. at 613, 976 S.W.2d at 945 (basing its holding upon, among other paragraphs in the answer, the fact that the co-defendant made a general denial stating, "[the co-defendant] denies, generally and specifically, each and every material allegation of the Complaint not specifically admitted herein.").

The answer also asserts the affirmative defenses of qualified immunity, punitive damages immunity, statutory tort immunity, sovereign immunity, justification, mootness of any requested injunctive relief, and asserts that Ruhl failed to state any claim. Document #6 at 5. The common-defense doctrine is applicable where an asserted defense would discharge all of the defendants. *Davenport v. Lee*, 348 Ark. 148, 156, 72 S.W.3d 85, 89 (2002) (holding that because each of the claims was subject to the statute of limitations defense raised in the answer, the common-defense doctrine applied). If the Court finds that Ruhl failed to set forth enough facts to state any claim to relief that is plausible on its face, then all defendants are discharged.

The effect of the answer filed by Faulkner County, Jackson, and Marple was to deny Ruhl's allegations of constitutional violations, statutory violations, false imprisonment, and outrage. Such a denial goes to the existence of Ruhl's causes of actions and asserts defenses common to Faulkner County, Jackson, Marple, and Boyd. Though Boyd did not file an answer to the complaint, he did appear and defend by virtue of the timely answer filed by Faulkner County, Jackson, and Marple, which inured to Boyd's benefit under the common-defense doctrine. Therefore, Boyd is not in default and the Court will permit him to file an amended answer.

## CONCLUSION

For the foregoing reasons, Ruhl's motion for default judgment is DENIED. Document #27. Boyd's motion to set aside the affidavit of service of summons is DENIED as moot. Document #28. Boyd's motion for extension of time to file an answer is GRANTED. Document #34. Boyd must file an amended answer within fourteen days of the entry of this Opinion and Order.

IT IS SO ORDERED this 19th day of May, 2016.

_____
J. LEON HOLMES
UNITED STATES DISTRICT JUDGE